UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROWD FUND INVESTMENT GROUP LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT BENNETT, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-03785-JST<br><br>**ORDER REMANDING CASE**<br><br>Re: ECF No. 1 |

　　　　This action for unlawful detainer was removed to this Court under 28 U.S.C. § 1441(c) on the basis of federal question jurisdiction. ECF No. 1 at 1–2. Specifically, Defendants assert that "the underlying federal question in the removed action is Plaintiff's compliance with the Jumpstart Our Businesses Act (JOBS Act), which has a provision for businesses securing capital through 'Crowd Funding' and whether Plaintiff has complied with the provisions of that federal law . . . ." Id.

　　　　Section 1441(a) provides: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If, however, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

　　　　Federal question jurisdiction is limited by the well-pleaded complaint rule, which requires that the basis for federal jurisdiction appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law, or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,

1  463 U.S. 1, 13 (1983).  "[A] case may *not* be removed to federal court on the basis of a federal
2  defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ."  Caterpillar Inc. v.
3  Williams, 482 U.S. 386, 393 (1987) (citation omitted).

4  Here, Plaintiff's unlawful detainer claim arises solely under state law.  See ECF No. 1 at 3.
5  There is thus no basis for the exercise of federal question jurisdiction over this action, as no
6  federal question appears on the face of the complaint.  Because federal question jurisdiction does
7  not exist, removal was improper under § 1441(c).  Accordingly, the action is remanded to the
8  Superior Court of Alameda County.

9  IT IS SO ORDERED.

10  Dated: July 13, 2016



JON S. TIGAR
United States District Judge